2022 IL App (1st) 211393-U

No. 1-21-1393

September 30, 2022

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois |
| Respondent-Appellee, | ) | |
| | ) | No. 97 CR 16978 01 |
| v. | ) | |
| LEE WILLIAMS | ) | The Honorable |
| | ) | Charles P. Burns, |
| Petitioner-Appellant. | ) | Judge Presiding. |
| | ) | |

JUSTICE WALKER delivered the judgment of the court.
Justices Mikva and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1     *Held*:    Pursuant to current state law, the trial court's judgment denying appellant's motion for leave to file a successive postconviction petition is affirmed where he fails to adequately demonstrate cause and prejudice for failing to raise his *Miller* challenges in his initial postconviction petition.

¶ 2     Petitioner Lee Williams appeals the trial court's denial of his motion for leave to file a successive postconviction petition pursuant to the Post-Conviction Act (Act) (725 ILCS 5/122-1 et seq. (West 2018). Lee argues the successive petition made a *prima facie* showing that his 100-year sentence violated the eight amendment and the proportionate penalties clause of the Illinois

Constitution because the trial court did not consider his age of 22 years old. Pursuant to Illinois Supreme Court precedent, we affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     On December 1, 1995, Lee robbed a grocery store where he shot and killed Omar Shabana after Shabana gave Lee money from the register. Following a jury trial, Lee was convicted of first-degree murder and armed robbery. He was sentenced to concurrent prison terms of 30 years and 100 years.

¶ 5     On direct appeal, Lee challenged his sentence, arguing that his extended-term sentence on first degree murder should be vacated because the trial court did not provide a statutory basis to justify an extended-term sentence. This court agreed, remanded the case for a new sentencing hearing, and directed the trial court to order that Lee's sentences for armed robbery and first degree murder be served consecutively. *People v. Williams,* No. 1-00-1390 (unpublished order pursuant to Supreme Court Rule 23).

¶ 6     On remand, the trial court sentenced Lee to consecutive terms of 70 years for first degree murder and 30 years for armed robbery. Lee appealed the trial court's judgment arguing the court failed to follow this court's mandate on remand, the evidence relied on by the court failed to support its determination that Lee was eligible for an extended term sentence, and double jeopardy prevented the imposition of an extended-term sentence. This court affirmed the sentence. *People v. Williams*, No. 1-03-3133 (unpublished order pursuant to Supreme Court Rule 23). Our supreme court denied Lee leave to appeal on September 29, 2005. *People v. Williams*, 216 Ill. 2d 731 (2005).

¶ 7	Lee filed his initial postconviction petition on January 17, 2006. In his petition, Lee alleged *inter alia* that trial counsel was ineffective for failing to investigate alibi witnesses. The trial court dismissed the petition at the first stage. Lee appealed, and this court affirmed the denial on appeal. *People v. Williams*, No. 01-12-0079.

¶ 8	Lee subsequently filed several petitions for relief from judgment under section 2-1401 of the Illinois Code of Civil Procedure. On February 29, 2012, Lee filed a section 2-1401 petition arguing newly discovered evidence that his confession was the result of being held incommunicado for several days prior to providing a statement, and he was convicted with perjured testimony. The petition was denied on April 23, 2012, and affirmed on appeal in *People v. Williams*, No. 01-14-0202 (unpublished order pursuant to Supreme Court Rule 23).

¶ 9	Lee filed a second section 2-1401 petition on June 23, 2013, alleging the trial court erred in imposing consecutive sentences because he did not inflict severe bodily injury. The trial court denied the petition on December 4, 2013, and affirmed on appeal in *People v. Williams*, 2016 IL App (1st) 140202-U.

¶ 10	On July 3, 2014, Lee filed his third and final section 2-1401 petition requesting that the trial court vacate the dismissal of his first postconviction petition based on a newly obtained affidavit from an alibi witness. The trial court denied the petition on August 22, 2016, and was affirmed on appeal in *People v. Williams*, 2016 IL App (1st) 143238-U.

¶ 11	Lee sought leave to file a successive postconviction petition, alleging that his aggregate sentence of 100 years for crimes he committed when he was 22, violated the Illinois Constitution's proportionate penalties clause and eighth amendment under *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012) and its progeny. On August 5, 2021, the trial court denied leave to file a

successive petition. The trial court reasoned that Lee failed to attach documents to support his claim, and that none of his allegations came close to the exceptional facts in the case law cited by Lee.

¶ 12    Lee now appeals.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, Lee argues that the trial court erred by denying him leave to file a successive postconviction petition because he made a *prima facie* showing that his aggregate 100-year sentence was imposed without adequate consideration of his youth and violated the Illinois Constitution's proportionate penalties clause and eighth amendment.

¶ 15    The Act sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The trial court may summarily dismiss a postconviction petition if it determines that the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). A petition is frivolous or patently without merit only if it has "no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16.

¶ 16    Only one postconviction petition is contemplated under the Act, and any claim not raised in the original or amended petition is waived. *People v. Edwards*, 2012 IL 111711, ¶ 22. Our supreme court has identified two bases upon which the bar against successive proceedings will be relaxed. *Id.* The first basis is where the defendant can establish "cause and prejudice" for failing to raise the claim earlier. *Id* (citing *People v. Pitsonbarger,* 205 Ill. 2d 444, 459, (2002)). The second exception is known as the fundamental miscarriage of justice exception, where the

evidence of the defendant demonstrates actual innocence. *People v. Sanders*, 2016 IL 118123, ¶ 24.

¶ 17    In the instant case, Lee alleges he adequately pled cause and prejudice for a successive proportionate penalties clause claim. To establish cause, the defendant must demonstrate some objective factor external to the defense that impeded his ability to raise the claim in the initial postconviction proceeding. *Pitsonbarger,* 205 Ill. 2d 444, 460, (2002). To establish prejudice, the defendant must show the alleged constitutional errors so infected his trial that the result violated his due process. *Id.* at 464.

¶ 18                              Eighth Amendment Challenge

¶ 19    The eighth amendment of the United States Constitution prohibits governments from imposing "cruel and unusual punishments." U.S. Const., amend. VIII.

¶ 20    In *Miller,* the Supreme Court held that the eighth amendment precluded a mandatory sentence of life without parole for a juvenile offender who has committed homicide. *Miller*, 567 U.S. at 489, 132 S. Ct. at 2474. The Court emphasized that "juveniles have diminished culpability and greater prospects for reform, we explained, they are less deserving of the most severe punishments." (Internal quotation marks omitted) *Id* at 471, 132 S. Ct. at 2464. The Court acknowledged that such a sentence could be imposed only where the sentence is not mandatory, and the sentencing court has the discretion to consider the mitigating qualities of a youthful offender and may impose a lesser punishment. *Id*. at 476, 132 S. Ct. at 2467. The Court later held that *Miller* applied retroactively in *Montgomery v. Louisiana*, 577 U.S. 190, 206, 212, 136 S. Ct. 718, 732,736 (2016).

¶ 21    Post-*Miller*, our supreme court expanded the reasoning of *Miller* in several cases. In *People v. Reyes*, 2016 IL 119271, ¶ 9, the court held that *Miller* applies when a juvenile offender is sentenced to a mandatory term of years that is the functional equivalent of life without the possibility of parole. In *People v. Holman*, 2017 IL 120655, ¶ 38, our supreme court ruled that *Miller* is not specific to mandatory life sentences. Under *Miller* and *Montgomery*, life sentences imposed on juvenile offenders, mandatory or discretionary, are disproportionate and violate the eighth amendment unless the sentencing court considers youth and its attendant characteristics. *Id.* ¶ 40. Our supreme court emphasized that the *United States* Supreme court "has drawn the line between juveniles and adults for the purpose of sentencing at the age of 18." *People v. Harris, 2018 IL 121932, ¶ 60.*

¶ 22    Williams alleges that his 100-year sentence violated the eighth amendment under *Miller.* Because *Miller* was decided in 2012, six years after Lee's initial postconviction petition, cause has been established. However, Lee was 22 years old at the time of the offense, four years older than the juvenile cutoff age for eighth amendment purposes. Therefore, the trial court did not err by denying Lee's eighth amendment claim.

¶ 23                          Proportionate Penalties Challenge

¶ 24    The Illinois Constitution's proportionate penalties clause states that "[a]ll penalties shall be determined according to the seriousness of the offense *and with the objective of restoring the offender to useful citizenship.*" (Emphasis added.) Ill. Const. 1970, art. I, § 11. A sentence violates the proportionate penalties clause if it is "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338, 269 Ill. Dec. 503, 781 N.E.2d 300 (2002). Our supreme court has yet to define a cruel or degrading

sentence because "as our society evolves, so too do our concepts of elemental decency and fairness which shape the 'moral sense' of the community." *Id.* at 339. Therefore, "[w]e review the gravity of the defendant's offense in connection with the severity of the statutorily mandated sentence within our community's evolving standard of decency." *Id.* at 340. Our supreme court has explained that the emphasis on rehabilitative potential provides "a limitation on penalties beyond those afforded by the eighth amendment." *People v. Clemons*, 2012 IL 107821, ¶¶ 39-41. It has also acknowledged that young adult offenders are not foreclosed from raising as-applied challenges to life sentences based on the evolving science on juvenile maturity and brain development under the proportionate penalties clause. *Harris*, 2018 IL 121932, ¶¶ 46, 48, 427 Ill. Dec. 833, 120 N.E.3d 900 (citing *People v. Thompson*, 2015 IL 118151, 398 Ill. Dec. 74, 43 N.E.3d 984).

¶ 25    In *Harris*, our supreme court recognized "[t]he distinction between facial and as-applied constitutional challenges is critical." *Harris*, 2018 IL 121932, ¶ 38. When raising a facial challenge, the challenging party "must establish that the statute is unconstitutional under any possible set of facts." *Id.* When making an as-applied challenge, the challenging party must establish "that the statute is unconstitutional as it applies to the specific facts and circumstances of the challenging party." *Id.* As applied constitutional challenges are dependent on the specific facts and circumstances of the person raising the challenge, and the record must be sufficiently developed in terms of those facts and circumstances. *Id* ¶ 39.

¶ 26    In *People v. House*, 2021 IL 125124, our supreme court reiterated its finding in *Harris*. The court found:

"as in *Harris*, [the defendant] did not provide or cite any evidence relating to how the evolving science on juvenile maturity and brain development applies to his specific facts and circumstances. As a result, no evidentiary hearing was held, and the trial court made no factual findings critical to determining whether the science *** applies equally to young adults, or to [the defendant] specifically, as he argued in the appellate court." *Id.* ¶ 29.

¶ 27    Lee argues that the trial court erred in denying his proportionate penalties argument because his 100-year sentence failed to consider his youth. Lee insists that despite being 22 years old at the time of the offense, he made a *prima facie* showing of an "as-applied emerging adult *Miller* claim."

¶ 28    Lee cites *People v. Savage, 2020* IL App (1st) 173135 to support his argument. In *Savage*, a 22-year-old defendant was sentenced to 85 years for murder. In his postconviction petition, defendant claimed that his drug addiction from the age of nine made him the functional equivalent of a younger man. To support his claim, the defendant provided a hospital report demonstrating he began using drugs at the age of nine. The defendant alleged that his lifelong addiction made him more susceptible to peer pressure, even though he was 22 years old at the time of the offense. Based on the defendant's allegations, this court allowed the petition to proceed to the second stage pursuant to the Act.

¶ 29    We find Lee's reliance on *Savage* inapposite. Unlike the defendant in *Savage*, Lee has not provided or alleged any evidence to support that his drug addiction made his mental age younger than his chronological age. Furthermore, Lee does not allege that his use of drugs rendered him

the functional equivalent of a juvenile. Equally as important, the petitioner in *Savage* involved a first stage dismissal where the petitioner need only state the gist of a constitutional claim.

¶ 30 Lee cannot point to a case in which courts in Illinois have recognized a life sentence imposed on an individual 21 or older as unconstitutional as applied to a defendant under the proportionate penalties clause. The cases he cites all involve individuals 21 years or younger. See *People v. Horshaw*, 2021 IL App (1st) 182047; *People v. Lenoir*, 2021 IL App (1st) 180269; *People v. Ross*, 2020 IL App (1st) 171202; *People v. Ruiz*, 2020 IL App (1st) 163145. Beyond citing literature discussing emerging adulthood for individuals in their early twenties, Lee does not allege any additional facts to support that his sentence violates the proportionate penalties clause. While we recognize the evolving science regarding brain development, for now, individuals who are 21 years or older are adults for *Miller* purposes without any additional evidence to demonstrate that their brain was that of a juvenile.

¶ 31 Leave to file a successive postconviction petition should be denied when the petition and the documentation submitted by defendant does not adequately allege facts demonstrating cause and prejudice. *People v. Everett*, 2022 IL App (1st) 201169, ¶ 47 (citing *People v. Smith*, 2014 IL 115946, ¶ 35). Accordingly, under current state law, Lee's allegations cannot meet the cause and prejudice standard for an as-applied challenge under either the eighth amendment or the proportionate penalties clause.

¶ 32                                   III. CONCLUSION

¶ 33 For the following reasons, we affirm the trial court's denial of Lee's motion for leave to file a successive postconviction petition.

¶ 34 Affirmed.